CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 04, 2025

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **MARCUS JOHNSON,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:24cv00340** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **C.O. JONES, et al.,** | ) | **By:  Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Marcus Johnson, a federal inmate proceeding *pro se*, has filed a lawsuit against the defendants under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging that he was transferred from USP Coleman to USP Lee (where gang activity is rampant) in retaliation for filing suit in Florida for physical and sexual assault occurring at USP Coleman. He further alleges that the defendants at USP Lee conspired to violate his constitutional rights and did violate his First Amendment rights and his right to due process in the following ways: (1) interfering with his access to the courts by withholding his legal papers, (2) intimidating and threatening him with physical harm if he filed a claim for violation of his constitutional rights, (3) denying him medication for chronic pain in retaliation for his grievances, and (4) placing him in the special housing unit (SHU) for telling prisoners and staff members about his sexual assault in Florida.  Finally, he added a state law claim for intentional infliction of emotional distress.  He has filed an amended complaint to add a claim that he was placed in a cell with a sex offender and expected to assault his cell mate if he wanted to eat. Upon preliminary review of the pleadings required by 28 U.S.C. § 1915A(a), I must dismiss Johnson's complaint for the reasons that follow.

In *Bivens*, the Supreme Court judicially created a cause of action against federal agents for egregious violations of the Fourth Amendment, allowing the plaintiff to seek money

damages. *Bivens*, 403 U.S. at 396. In 1979, applying the rationale of *Bivens*, the Court allowed a former congressional employee to pursue a cause of action for sex discrimination under the Fifth Amendment. *Davis v. Passman*, 442 U.S. 228 (1979). In 1980, the Court allowed the estate of a deceased inmate to seek damages for medical indifference under the Eighth Amendment. *Carlson v. Green*, 446 U.S. 14 (1980). In the more than three decades since then, the Court has not sanctioned the application of *Bivens* to any other causes of action. *Egbert v. Boule*, 596 U.S. 482, 491 (2022). The Court has "come to appreciate more fully the tension between judicially created causes of action and the Constitution's separation of legislative and judicial powers." *Id.* (internal citations and quotations omitted).

The Court has announced a two-step inquiry that must be followed by lower courts when a claim is filed under *Bivens*. First, the court must determine if the claim arises in a new context or involves a new category of defendants. The context is new if it is different in any meaningful way from the claims in *Bivens*, *Davis*, and *Carlson*. *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020) (internal citations and quotations omitted). If the claim arises in a new context, the court must consider whether any factors counsel hesitation about extending *Bivens*. *Id.* Most importantly, the court must consider whether extending the *Bivens* remedy encroaches on the authority of Congress to legislate the appropriateness of such a remedy. *Id.*

Unfortunately for Johnson, this two-step inquiry has derailed virtually every claim from federal inmates for violations of their constitutional rights. Specifically, the Supreme Court has held that one cannot recover under *Bivens* for First Amendment retaliation—or for any other First Amendment violation. *Egbert*, 596 U.S. at 499. The Court of Appeals for this Circuit has also recognized that due process claims are not actionable under *Bivens*. *Mays v. Smith*, 70 F.4th 198, 203–206 (4th Cir. 2023). Nor does *Bivens* extend to excessive force claims or failure to

protect claims filed by federal inmates.  *Silva v. United States*, 45 F.4th 1134, 1137 (10th Cir. 2023) (declining to extend *Bivens* to excessive force cases); *Bulger v. Hurwitz*, 62 F.4th 127, 138 (4th Cir. 2023) (declining to extend *Bivens* to failure to protect claims). The claims asserted by Johnson do not fall into the limited category of claims recognized in *Bivens*, *Davis*, and *Carlson* and must be dismissed.

Having determined that Johnson has no viable federal claim, the court will not consider the state law claim for infliction of emotional distress.  Generally, when a district court dismisses all federal claims early in the proceedings, it should decline to exercise jurisdiction over any remaining state law claims by dismissing them without prejudice.  *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024).

An appropriate order will be entered this day.

Enter:  August 4, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge